Columbus ALLEN, Jr., Plaintiff–
Appellant,

v.

COUNTY OF STANISLAUS, Appellee,

Adam Christianson, Sheriff–Coroner;
Gina Leguria, Policy Manager; Wil-
liam Duncan, Cpt.; Brenda Suarez,
Lieutenant; Ronald Lloyd, Lieuten-
ant; Gregg Clifton, Lieutenant; C.
Blake, Sergeant; Galles, Sergeant;
Ernie Radza, Sergeant; V.L. Truffa,
Sergeant, Defendants–Appellees.

No. 11–15151.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2012.

Filed July 13, 2012.

Aaron Thomas Winn, Luce Forward
Hamilton & Scripps, LLP, San Diego, CA,
for Plaintiff–Appellant.

Terence J. Cassidy, Kristina Marcia
Hall, Esquire, Porter Scott, Sacramento,
CA, for Defendants–Appellees.

Before: HUG, RAWLINSON, and
IKUTA, Circuit Judges.

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

MEMORANDUM *

Columbus Allen appeals the district
court's dismissal with prejudice of his pro
se civil rights complaint. We have juris-
diction under 28 U.S.C. § 1291, and we
reverse and remand.

Allen's amended complaint states a
claim against prison dentist Dr. Cheung
for constitutionally inadequate medical
care. Allen alleges in his complaint that
Dr. Cheung refused for months to treat
Allen's serious dental problem based on a
series of "ephemeral and contradictory"
reasons. Taking those allegations as true
and drawing all inferences in Allen's favor,
Allen's complaint establishes that Dr.
Cheung purposefully delayed providing Al-
len necessary dental treatment and there-
fore acted with deliberate indifference to
Allen's serious medical need. See Hunt v.
Dental Dep't, 865 F.2d 198, 200 (9th Cir.
1989); Clement v. Gomez, 298 F.3d 898,
904–05 (9th Cir.2002). The magistrate
judge's conclusion, as adopted in full by
the district court, that delays in Allen's
treatment were "beyond Dr. Cheung's con-
trol" misconstrued Allen's allegations and
improperly assumed at the pleading stage
that Dr. Cheung's assertions about why he
failed to treat Allen were true. See Silva
v. Di Vittorio, 658 F.3d 1090, 1101 (9th
Cir.2011).

The district court also erred in dismiss-
ing with prejudice the claims from Allen's
complaint that are unrelated to his claim
for inadequate medical care against Dr.
Cheung. Federal Rule of Civil Procedure
21 expressly prohibits a district court from
dismissing a plaintiff's claims for the sole
reason that the plaintiff erroneously joined
those claims in a single action against dif-
ferent defendants. See Harris v. Palm
Springs Alpine Estates, Inc., 329 F.2d 909,

by 9th Cir. R. 36–3.

913 (9th Cir.1964). The district court here violated that rule by dismissing Allen's remaining claims with prejudice simply because they were unrelated to his inadequate dental care claim and alleged against different defendants. On remand, the district court should instead remedy Allen's misjoinder by severing any claims or defendants unrelated to Allen's inadequate dental care claim. *See* Fed.R.Civ.P. 21.

**REVERSED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.